Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000527
03-OCT-2019
09:11 AM

NO. CAAP-19-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GAIL P. PACHECO, Plaintiff-Appellant v.
LANIAKEA INC.; ROBERT SANCHEZ, President, Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1RC19-1-002313)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, C.J., Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiff-Appellant Gail P. Pacheco (Pacheco), self-represented, from District Court Civil No. 1RC19-1-002313, because, at the time Pacheco filed her July 18, 2019 notice of appeal, the Honorable Hilary B. Gangnes had not yet announced her decision to grant Defendants-Appellees Laniakea, Inc. and Robert Sanchez's motion to dismiss Pacheco's complaint.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes an appeal from a district court's final judgment or final order that finally determines, and, thus, ends the proceedings, leaving nothing further for the district court to adjudicate. Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426-27, 984 P.2d 1251, 1252-53 (1999). On July 22, 2019, the district court entered minutes indicating that Judge Gangnes

announced her intent to grant Laniakea and Sanchez's motion to dismiss Pacheco's complaint, which would end this entire district court proceeding. However, a district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). "In civil cases before the district court, '[t]he filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry.' District Court Rules of Civil Procedure Rule 58." Id. In the absence of an appealable final written judgment or written order in the record, we cannot assume appellate jurisdiction over Pacheco's appeal pursuant to HRS § 641-1(a).

HRAP Rule 4(a)(2) provides that, "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal." (Emphasis added). Pacheco filed her July 18, 2019 notice of appeal four days before the district court announced in the July 22, 2019 district court minutes that the district court intends to grant Laniakea and Sanchez's motion to dismiss Pacheco's complaint. Under the equivalent rule for premature notices of appeal in criminal cases, HRAP Rule 4(b)(4), when a party attempted to assert an appeal from a circuit court proceeding for a petition for post-conviction relief pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP) before the circuit court announced its decision, the Supreme Court of Hawai'i held that the notice of appeal was a legal nullity, despite that HRAP Rule 4(b)(4) authorized premature appeals from a trial court's announcement of its decision:

> Thus, pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order.

2

Grattafiori filed his notice of appeal three weeks before the circuit court entered its order denying his amended second HRPP Rule 40 petition. Nothing in the record indicates that the circuit court had entered any order (on October 15, 1993 or at any other time) prior to January 21, 1994, the date on which Grattafiori filed his notice of appeal. Similarly, the record does not reflect that the circuit court announced its decision before that date, so as to enable Grattafiori's notice of appeal from the oral decision to be treated as an appeal from the subsequently filed order. Thus, we must conclude that Grattafiori's notice of appeal, dated January 21, 1994, has no legal effect, insofar as there is no jurisdictional basis upon which to file an appeal from an order that has not yet been announced or entered. See HRS § 641-11 (Supp.1992); HRPP 40(h); HRAP Rule 4(b).

. . . .

We hold, therefore, that Grattafiori's January 21, 1994 notice of appeal constitutes a legal nullity because, at the time of filing, there was neither an oral decision nor a written order from which to appeal. While we treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever. After the circuit court entered its written order on February 14, 1994, denying the amended second HRPP Rule 40 petition, Grattafiori was entitled under HRAP 4(b) to thirty days within which to file a new notice of appeal. He failed to do so. Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.

Grattafiori v. State, 79 Hawai'i 10, 13-14, 897 P.2d 937, 940-41 (1995) (emphases added). Similarly in the instant case, Pacheco's July 18, 2019 notice of appeal is a legal nullity because, as of July 18, 2019, the district court had neither orally announced its decision nor entered a final written judgment or written order. While we treat a premature notice of appeal as timely under HRAP Rule 4(a)(2) when a party has filed his or her notice of appeal after the trial court has announced an oral decision but before the entry of a written judgment or written order, we cannot do so under HRAP Rule 4(a)(2) when an aggrieved party files a notice of appeal before the district court has announced its decision. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v.

3

Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED AND DECREED that CAAP-19-0000527 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that any pending motions in CAAP-19-0000527 are dismissed.

DATED:  Honolulu, Hawai'i, October 3, 2019.


Chief Judge


Associate Judge


Associate Judge

4